UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

GWENDOLYN Y. DAVIS, individually and )
as Administratrix of the Estate of )
ANTHONY J. ROBINSON, JR., )
      Plaintiff, )
)
  vs. )    1:09-cv-681-RLY-DML
)
THE MARION COUNTY SHERIFF'S )
DEPARTMENT, LT. WILLIE BATES, )
KEVIN A. BAYS, and OFFICER MAXEY, )
      Defendants. )
)

**ENTRY ON DEFENDANTS' MOTION TO DISMISS**

Gwendolyn Y. Davis ("Plaintiff"), individually and as Administratrix of the Estate ("Estate") of Anthony J. Robinson, Jr. ("Robinson"), brings this action against the Marion County Sheriff's Department ("MCSD"), Lt. Willie Bates ("Lt. Bates"), Kevin A. Bays ("Officer Bays"), and Officer Maxey ("Officer Maxey") ("Individual Defendants") (collectively, "Defendants"), for alleged violations of Robinson's Fourteenth Amendment rights under 42 U.S.C. § 1983 ("Section 1983"), and state law claims sounding in tort. The matter is now before the court on Defendants' motion to dismiss. For the reasons set forth below, Defendants' motion is **GRANTED** in part and **DENIED** in part.

**I.    Background**

On November 9, 2007, Robinson was arrested on drug possession charges, and

1

incarcerated in the Marion County Jail. (Complaint ¶ 12). The Individual Defendants were correctional officers at the Jail, and, at all relevant times, acted within the course and scope of their employment. (*Id.* ¶¶ 9-11).

Shortly after midnight on November 11, 2007, Robinson informed Lt. Bates and Officer Bays that he felt severe pain in his stomach, and told them that he needed to see a doctor. (*Id.* ¶ 15). Rather than granting Robinson's request, Lt. Bates and Officer Bays provided Robinson with a medical request form to complete. (*Id.* ¶ 16). At 1:00 a.m., Robinson informed Officer Maxey that he was experiencing severe stomach pain, and that he needed to see a doctor. (*Id.* ¶ 17). Officer Maxey told Robinson to wait while she ran errands. (*Id.*). Officer Maxey returned to Robinson's cell later that morning, and asked Robinson about his severe stomach pain. Again, Robinson informed her that he needed to see a doctor. (*Id.* at 18). Officer Maxey did not fulfill Robinson's request. (*Id.* at 19). At approximately 8:30 a.m., Robinson was found dead in his cell. (*Id.* ¶ 21). The cause of Robinson's death was cocaine intoxication. (*Id.* ¶ 22). Plaintiff alleges that Robinson's life could have been saved if he had been given timely medical care. (*Id.* ¶ 23).

Plaintiff makes two allegations under Section 1983. First, Plaintiff, on behalf of the Estate, alleges that Defendants were deliberately indifferent to Robinson's medical needs, in violation of Robinson's constitutional rights as a pre-trial detainee. Second, Plaintiff brings a claim for the loss of love and companionship of her adult son, Robinson, in violation of her protected liberty interest in her relationship with him. Plaintiff, on

behalf of the Estate, also brings state law claims against Defendants for negligence, intentional infliction of emotional distress, and wrongful death.  In addition, Plaintiff brings her own state law claim for loss of consortium.

## II.     Motion to Dismiss Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of claims for "failure to state a claim upon which relief may be granted."  FED.R.CIV.P. 12(b)(6).  The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not the merits of the lawsuit.  *United States v. Clark County, Ind.*, 113 F.Supp.2d 1286, 1290 (S.D. Ind. 2000)(citing *Gibson v. City of Chicago*, 910 F.2d 1510, 1520-21 (7th Cir. 1990)).  In ruling on a motion to dismiss, the court construes the allegations of the complaint in the light most favorable to the plaintiff, and all well-pleaded facts and allegations in the complaint are accepted as true.  *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993).  A motion to dismiss should be granted if the plaintiff fails to proffer "enough facts to state a claim for relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint states a claim for relief if it states grounds that entitle the pleader to relief.  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555)); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); *Tamayo v. Blagojevich*, 526 U.S 1074, 1083 (7th Cir. 2008).

> While a complaint attacked by Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements to raise a right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)[.]"

*Twombly*, 550 U.S. at 555 (internal citations omitted). *See also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 449 F.3d 663, 667 (7th Cir. 2007) ("Taking *Erickson* and *Twombly*, together, we understand the Court to be saying only that at some point the factual detail in the complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8.").

## III. Discussion

### A. Section 1983

#### 1. Deliberate Indifference

Plaintiff brings a Section 1983 claim alleging that Defendants were deliberately indifferent to Robinson's medical needs, in violation of his rights under the Due Process Clause of the Fourteenth Amendment. Section 1983 creates a federal cause of action for "the deprivation, under color of [state] law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States." *Spiegel v. Robinovitz*, 121 F.3d 251, 254 (7th Cir. 1997). Because Robinson was a pre-trial detainee rather than a prisoner during the time he was incarcerated in the Marion County Jail, his claims are

properly analyzed under the Fourteenth Amendment's Due Process Clause.[1] *Mayan v. Weed*, 310 Fed.Appx. 38, 40 (7th Cir. 2009) (citing *Williams v. Rodriguez*, 509 F.3d 392, 401 (7th Cir. 2000)).

To establish a claim of deliberate indifference, Plaintiff must first demonstrate that Robinson's medical condition was objectively serious. *Beshears v. Champaign Cnty. Sheriff*, 286 Fed.Appx. 940, 942 (7th Cir. 2008) (citing *Williams*, 509 F.3d at 401). "A medical condition is deemed to be objectively serious if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Williams*, 509 F.3d at 401 (quoting *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999) (citations omitted)). Next, Plaintiff must demonstrate that Defendants acted with deliberate indifference. *Johnson v. Myers*, 109 Fed.Appx. 792, 797 (7th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). This requires the Plaintiff to establish that: (1) Defendants subjectively knew of the risk to Robinson's health and (2) disregarded an excessive risk that a lack of treatment would pose to Robinson's health. *Thomas v. Cook Cnty. Sheriff's Dep't*, 588 F.3d 445, 452 (7th Cir. 2009) (citing *Collins v. Seeman*, 462 F.3d 757, 761 (7th Cir. 2006)).

---

[1] Plaintiff mistakenly argues that Robinson's claims arise under the Eighth Amendment's Cruel and Unusual Punishment Clause; however, the standards for analyzing a deliberate indifference claim under the Eighth and Fourteenth Amendments are the same. *Estate of Gee ex rel. Beeman v. Johnson*, 365 Fed.Appx. 679, 683 (7th Cir. 2010); *see also Minix v. Canarecci*, 597 F.3d 824, 831 ("[W]e apply the same legal standards to deliberate indifference claims brought under either the Eighth or Fourteenth Amendment.") (citing *Thomas v. Cook Cnty. Sheriff's Dep't*, 588 F.3d 445, 452 n.1 (7th Cir. 2009)).

Plaintiff alleges that Robinson complained of severe stomach pain to the Individual Defendants a total of three times, and was found dead shortly thereafter. Robinson's vague complaints of stomach pain do not rise to a level of a "serious medical need" that would be so obvious that a lay person would recognize the necessity for a doctor's attention. Moreover, Robinson's complaints of stomach pain failed to put the Individual Defendants on notice of a specific threat to his health. Thus, there are no facts from which an inference could be drawn that the Individual Defendants were aware of a substantial risk to Robinson's health, and disregarded that risk. Accordingly, Plaintiff's Complaint fails to state a claim for deliberate indifference. Defendant's motion is therefore **GRANTED**.

However, Plaintiff noted in her Response Brief that there are additional facts that could have been alleged in the Complaint to support this claim. The court will therefore give Plaintiff the benefit of the doubt and dismiss this claim without prejudice.

### 2. Deliberate Indifference Against MCSD

In addition to the elements discussed above, in order to assert a claim against the MCSD, Plaintiff must also show that Robinson's death resulted from a policy, custom, or practice of the MCSD in effect at the Marion County Jail. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388-89 (1989) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436, U.S. 658, 694)). Plaintiff does not advance any allegations regarding a policy, custom, or practice, and, in fact, Plaintiff specifically declares in her Response Brief that she does not advance a claim under *Monell*. Accordingly, Defendant's motion is

6

**GRANTED** with respect to the deliberate indifference claim against the MCSD.

### 3. Loss of Companionship

As noted above, Plaintiff brings her own federal claim for the loss of love and companionship of her son, Robinson. In order for a parent to bring a Section 1983 claim alleging loss of companionship of an adult child, the parent must show that the state action was "specifically aimed at interfering with the [parent-child] relationship." *Russ v. Watts*, 414 F.3d 783, 788 (7th Cir. 2005). The Complaint is void of any such allegation. Furthermore, in her Response Brief, Plaintiff expressly states that she does not bring any federal claim on her own behalf. (Response Brief at 3). Accordingly, Defendant's motion is **GRANTED** with respect to Plaintiff's federal claim.

## B. State Law Claims

### 1. Sufficiency of Notice

Having dismissed all of the federal claims, the court now turns to the claims arising under state law. Plaintiff, on behalf of the Estate, asserts claims for negligence, intentional infliction of emotional distress, and wrongful death. In addition, Plaintiff alleges a loss of consortium claim on her own behalf. Defendants contend that Plaintiff failed to provide proper notice to them pursuant to the Indiana Tort Claims Act ("ITCA") and that therefore, all state law claims in the Complaint must be dismissed.

The ITCA provides that a claim against a political subdivision, like the MCSD, is barred unless the claimant files notice with that subdivision within 180 days following the incident. IND. CODE § 34-13-3-8 (2007). The notice requirement of the ITCA applies

equally to the employees of the political subdivision. *City of Bloomington Utils. Dep't v. Walter*, 904 N.E.2d 346, 349 (Ind. Ct. App. 2009). Pursuant to the statute, the notice must contain the following information:

> The notice . . . must describe in a short and plain statement the facts on which the claim is based. The statement must include the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, the amount of the damages sought, and the residence of the person making the claim at the time of the loss and at the time of filing the notice.

IND. CODE § 34-13-3-10. "The purpose of the notice requirement is to provide the municipality the opportunity to investigate the facts surrounding an accident so that it may determine its liability and prepare for a defense." *Hasty v. Floyd Mem'l Hosp.*, 612 N.E.2d 119, 123 (Ind. Ct. App. 1992). Substantial compliance with the notice requirements may excuse technical violations of the statute provided that the purpose of the requirement is satisfied. *Id.*

Plaintiff's tort claim notice describes the circumstances surrounding Robinson's death while in custody at the Marion County Jail, and states: "[t]he failure of the correctional officers to heed the obvious signs of drug overdose, and Mr. Robinson's own pleas for help, constitutes both negligence and deliberate indifference . . . . Mr. Robinson's estate has been damaged in the amount not less than $500,000." (Defendant's Ex. A).

With respect to Plaintiff's loss of consortium claim, the notice is not sufficient because Plaintiff is not listed as a claimant. *Howard Cnty. Bd. of Comm'rs v. Lukowiak*,

8

810 N.E.2d 379, 384-85 (Ind. Ct. App. 2004); *see also Rosga v. City of Hammond*, 493 N.E.2d 787, 789 (holding that the purpose of the notice requirement is for the political subdivision to know what party is making a claim). Therefore, Plaintiff's loss of consortium claim must be dismissed. With respect to tort claims brought on behalf of the Estate, the court finds that the notice complies with the statutory notice requirements because it includes the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, and names the Estate as a claimant.

### 2. Claims Against the Individual Defendants

The court now turns to the Estate's state law claims against the Individual Defendants. Under the ITCA, a "lawsuit alleging that an employee acted within the scope of the employee's employment bars an action by the claimant against the employee personally." IND. CODE § 34-13-3-5(b). Therefore, a plaintiff may only sue an employee of a municipality personally if the municipality first asserts that the employee acted outside the scope of his or her employment. *Id.* Because Plaintiff alleges that the Individual Defendants acted within the scope of their employment, Plaintiff's claims against the Individual Defendants fail as a matter of law. Plaintiff's state law claims against the MCSD remain.

## IV. Conclusion

Based on the aforementioned reasons, Defendants' motion to dismiss is **GRANTED** in part and **DENIED** in part. Defendant's motion is **GRANTED** with respect to Plaintiff's Section 1983 loss of love and companionship claim, Plaintiff's loss

9

of consortium state law claim, and the Estate's state law tort claims against the Individual Defendants. Defendant's motion is **GRANTED without prejudice** with respect to the Estate's Section 1983 deliberate indifference claim. Defendant's motion is **DENIED** with respect to the Estate's state law tort claims against the MCSD. Plaintiff, as the Administratrix of the Estate, may file an Amended Complaint with respect to the Estate's Section 1983 deliberate indifference claim and the Estate's state law tort claims. If Plaintiff elects to do so, she must file the Amended Complaint within thirty (30) days from the date of this Entry.

**SO ORDERED** this 29th day of September 2010.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies To:

Shannon Lee Logsdon
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
slogsdon@indygov.org

Jeffrey S. McQuary
BROWN TOMPKINS LORY
jmcquary@brown-tompkins-lory.com