UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

GWENDOLYN Y. DAVIS, individually and )
as Administratrix of the Estate of )
ANTHONY J. ROBINSON, JR., )
      Plaintiff, )
)
   vs. )         1:09-cv-681-RLY-DML
)
THE MARION COUNTY SHERIFF'S )
DEPARTMENT, LT. WILLIE BATES, )
KEVIN A. BAYS, and OFFICER MAXEY, )
      Defendants. )

**ORDER ON PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL**

This cause is now before the court on Gwendolyn Y. Davis's ("Plaintiff") motion for voluntary dismissal. Plaintiff brings this action individually and as the Administratrix of the Estate ("Estate") of her son, Anthony J. Robinson, Jr. ("Robinson"), for alleged violations of Robinson's Fourteenth Amendment rights under 42 U.S.C. § 1983 ("Section 1983"), and state law claims sounding in tort. On September 29, 2010, the court granted Defendants' motion to dismiss with respect to Plaintiff's federal claims and the Estates's state law claims against Lt. Willie Bates, Kevin A. Bays, and Officer Maxey (collectively "Individual Defendants"), and denied Defendants' motion to dismiss with respect to the Estate's state law claims against the Marion County Sheriff's Department ("MCSD"). The court also dismissed the Estate's federal claim against the Individual Defendants without prejudice, allowing Plaintiff thirty days to file an Amended Complaint.

1

On October 29, 2010, rather than filing an Amended Complaint, Plaintiff filed the instant motion for voluntary dismissal, asking the court to dismiss the Estate's federal claim without prejudice, and to grant Plaintiff leave to re-file the Estate's state law claims against the MCSD in Indiana state court. The MCSD and Individual Defendants (collectively "Defendants") filed an objection to Plaintiff's motion, requesting the court to retain jurisdiction over the Estate's state law claims.

Generally, "'when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits.'" *Miller v. Herman*, 600 F.3d 726, 738 (7th Cir. 2010) (quoting *Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 514 (7th Cir. 2009)). However, there are three acknowledged exceptions to the rule, and the court generally will elect to exercise supplemental jurisdiction when: "'(1) the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court'; (2) 'substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort'; or (3) 'when it is absolutely clear how the pendent claims can be decided.'" *Sharp Elecs. Corp.*, 578 F.3d at 514-515 (quoting *Wright v. Associated Ins. Cos., Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994)).

Defendants' argue that the first two exceptions apply, and, thus, the court should retain jurisdiction over the Estate's state law claims. Defendants assert that the statute of limitations ran on the Estate's state law claims on November 11, 2009. However, since the Complaint, which contained the federal and state claims, was timely filed, a rule

tolling the statute of limitations applies. If Plaintiff elects to re-file the Estate's state law claims, "[t]he period of limitations for any claim asserted . . . that is voluntarily dismissed at the same time or after the dismissal of [the federal claims], shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d). Thus, should the court grant voluntary dismissal of the Estate's Section 1983 claim, the statute of limitations will not bar Plaintiff from filing a separate suit in state court.

Defendants also argue that the court should retain jurisdiction because substantial judicial resources have been committed to this matter. Defendants' argument is without merit. Prior to the filing of the instant motion, this cause had only presented two dispostive motions for the court's ruling, one of which being the motion to dismiss which disposed of Plaintiff's federal claims. *See Sharp Elecs. Corp.* at 515 (finding that substantial judicial resources were not committed when a plaintiff's federal claims were disposed of on a motion to dismiss); *see also Davis v. Cook County*, 534 F.3d 650, 654 (7th Cir. 2008) (finding that substantial judicial resources were not committed when a plaintiff's federal claims were disposed of on summary judgment). In addition, the parties have only appeared for four standard status conferences, as no substantive issues have required any formal hearing. Thus, the court finds that substantial judicial resources have not been dedicated to this matter.

Therefore, the court, in it's discretion, finds that Plaintiff's motion for voluntary dismissal (Docket # 45) should be **GRANTED**. Accordingly, this action is hereby

**DISMISSED without PREJUDICE**.

**SO ORDERED** this 13th day of December 2010.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies To:

Jennifer Lynn Haley
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
jhaley@indy.gov

Shannon Lee Logsdon
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
slogsdon@indygov.org

Jeffrey S. McQuary
BROWN TOMPKINS LORY
jmcquary@brown-tompkins-lory.com